IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL PUGH, )
)
Plaintiff, )
) CIVIL ACTION NO.: 1:20-cv-01041
v. )
)
THE PRUDENTIAL INSURANCE )
COMPANY OF AMERICA and )
PRUDENTIAL INSURANCE )
COMPANY OF AMERICA, d/b/a )
THE PRUDENTIAL INSURANCE )
COMPANY OF AMERICA, )
)
Defendants. )
_____

## COMPLAINT

The Plaintiff, Michael Pugh, does hereby state the following:

### Action

1. This is an action for declaratory, compensatory, and injunctive relief based on the Plaintiff's rights to long term disability income benefits arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (hereinafter "ERISA"), and more particularly 29 U.S.C. § 1132(a)(1)(B). The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 1132(e).

### Parties

2. The Plaintiff, Michael Pugh, is a resident of Guilford County, North

1

Carolina. At the onset of the Plaintiff's disability, Plaintiff was an "employee" of Qualicaps, Inc., (hereinafter "Qualicaps"), within the meaning of 29 U.S.C. § 1002(6).

3. Defendant "The Prudential Insurance Company of America" corresponded with the Plaintiff and, upon information and belief, issued the applicable long term disability policy described below.

4. Upon information and belief, Defendant "Prudential Insurance Company of America" is registered with the North Carolina Department of Insurance and is operating or doing business in North Carolina as "The Prudential Insurance Company of America".

5. Upon information and belief, Defendants (collectively referred to hereinafter as "Prudential") constitute one or more corporations or companies licensed to transact business in North Carolina. Upon information and belief, Prudential is generally engaged in the insurance business. As more specifically described below, at all times pertinent to this action, Prudential insured the Plan which provided long term disability income coverage to the Plaintiff as well as other employees of Qualicaps. Upon information and belief, Prudential had discretionary authority to administer claims brought under the Plan and was assisted in this process by its agents, affiliates, or subsidiaries including, but not limited to Disability Management Services. Accordingly, Prudential is a "fiduciary" of the Plan within the meaning and definition of 29 U.S.C. § 1002(21).

## The Plan

6. Defendant Prudential entered into an agreement with Qualicaps, to provide group long term disability income coverage to its employees. This agreement was formalized in a policy that was issued to Qualicaps, under Group Contract No. G-25318-NC. The policy and Plan constitute an "employee welfare benefit plan," as defined by 29 U.S.C. § 1002(1).

7. The Plan, as contained in the written policy identified above, provides that any employee who is disabled due to sickness or injury is, after an "elimination period", entitled to a percentage of his or her basic monthly earnings each month during the period of disability for the "maximum duration of benefits".

8. During his employment with Qualicaps, the Plaintiff participated in the Plan and was, at the time his disability began, a fully vested member of the Plan. Accordingly, Plaintiff was a "participant" of the Plan within the meaning and definition of 29 U.S.C. § 1002(7).

## Facts

9. The Plaintiff is presently 36 years of age.

10. The Plaintiff worked at Qualicaps continuously and was working as a Machine Room Technician when he was forced to stop working on or about April 2, 2017 because of pain and other limitations in both hips, secondary to avascular necrosis with additional back pain and depression.

11. The Plaintiff applied for long term disability benefits through Defendant Prudential and the application was approved with benefits beginning on September 29, 2017.

12. In a letter dated September 9, 2019, Defendant Prudential notified the Plaintiff that his benefits were being terminated September 28, 2019, because he was able to perform the "material and substantial duties of the gainful occupations of Information Clerk, Repair Order Clerk, and Gate Guard."

13. In a letter dated March 5, 2020, the Plaintiff appealed Defendant Prudential's decision to terminate his long term disability benefits.

14. In a letter dated April 14, 2020, Defendant Prudential notified the Plaintiff that his appeal had been denied.

15. In a letter dated August 27, 2020, the Plaintiff submitted a second appeal of Defendant Prudential's decision to terminate his long term disability benefits. With the appeal, the Plaintiff provided Defendant Prudential with the following evidence supporting his claim for long term disability benefits:

- A medical source statement from Dr. Richard Ramos dated July 13, 2020, in which Dr. Ramos opined that the Plaintiff suffers from medical conditions that adversely affect his ability to function and that the limitations identified by the judge in the Plaintiff's social security case were reasonable.

- Independent Medical Examination dated August 27, 2019, by Dr. Robert W. Elkins in which he opines, among other things, that the Plaintiff should not perform "prolonged standing or walking over 20 minutes at a time, up to four times daily." Dr. Elkins further opined

4

that the limitations are permanent.

- A fully favorable decision dated June 12, 2020 from the Plaintiff's claim for social security disability benefits.

- Rehabilitation/Vocational Opinion from Certified Rehabilitation Counselor Michael A. Fryar dated August 27, 2020. According to Mr. Fryar, the Plaintiff would not be able to perform the occupations identified by Prudential or any other occupations in the national economy based on the limitations identified by Dr. Elkins and those identified by the judge in the Plaintiff's social security case and agreed to by Dr. Ramos.

- "Notice of Award" dated June 20, 2020 from the Social Security Administration for the Plaintiff and a page of the "Notice of Award" dated July 7, 2020 for the Plaintiff's son.

- Medical records dated May 9, 2019 to May 19, 2020 from Dr. Richard Ramos.

- Medical records dated April 22, 2019 to September 10, 2019 from Brown Summit Family Medicine.

- Medical records dated May 16, 2016 from Duke University Medical Center.

16. In a letter dated September 22, 2020, Defendant Prudential notified the Plaintiff that his appeal had been denied and that the decision was final.

17. The Plaintiff has exhausted all administrative review procedures provided by the Plan.

## Claims for Relief

18. Plaintiff hereby incorporates the foregoing paragraphs as if they were fully set forth herein.

5

19. As stated above, the medical and other evidence shows that the Plaintiff has been totally disabled from any occupation since September 29, 2019. Accordingly, the Plaintiff is entitled to long term disability income benefits through the maximum duration of the Plan.

20. The Defendants' decision to terminate the Plaintiff's benefits and to deny his appeals were not reasonable.

21. The Defendants' denial of long term disability benefits to the Plaintiff is a breach of the Plan and the terms of ERISA pursuant to 29 U.S.C. § 1001 et. seq.

22. As a direct and proximate result of the Defendants' breach of the Plan and violation of ERISA, Plaintiff has sustained losses, including the loss of benefits for his long term disability for which he is entitled to reimbursement.

23. Based on the Defendants' decision to terminate the Plaintiff's benefits and to deny his appeals, the Plaintiff is entitled to declaratory and injunctive relief establishing his entitlement to future disability benefits and requiring Defendant Prudential to make such payments on a monthly basis through the maximum benefit period of the Plan.

24. The Plaintiff is entitled to recover his attorney's fees for his representation herein pursuant to 29 U.S.C. § 1132(g).

## Prayer for Relief

WHEREFORE, Plaintiff requests the following relief:

(1) That this Court issue a declaratory judgment that Plaintiff is entitled to long term disability income benefits under the Plan through the maximum benefit period as defined by the Plan;

(2) That Plaintiff recover from Defendant Prudential all benefits to which he is entitled under the Plan;

(3) That Plaintiff recover pre-judgment and post-judgment interest on all amounts recovered herein;

(4) That Plaintiff recover the costs of this action, including reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g); and

(5) That this Court award such other and further relief as it deems just and proper.

This the 18th day of November 2020.

/s/ **John K. Koontz**
John K. Koontz
NC State Bar No.: 22156
Attorney for Plaintiff
Daggett Shuler, Attorneys at Law
2140 Country Club Road
Winston-Salem, NC 27104
Telephone No. (336) 724-1234
E-mail: jkoontz@daggettshulerlaw.com